# JANUARY, 1910.

### Texas & Pacific Railway Company v. Willie Mosley.

#### No. 1970.   Decided January 5, 1910.

**1.—Statute—Repeal by Implication.**

The repugnancy essential to the repeal of an old statute by a new one is not limited to the implication, from the use of language in the latter, of inconsistency with the former law; it is enough that the new enactment discloses an obvious intent that it should supplant the old.   (P. 82).

**2.—Depositions—Return—Certificate of Postmaster.**

The act of April 12, 1907 (Laws 30th Leg., p. 186) providing that the officer taking the same shall certify on the envelope that he deposits the same in the mail for transmission, substituted such precaution for the requirement of an indorsement by the postmaster that he received them from the hands of the officer before whom they were taken, contained in article 2286, Revised Statutes, and operated as a repeal of that portion of such article.   (Pp. 80–82).

**3.—Same—Express Repeal.**

The provisions of article 2291f, added to the Revised Statutes by the Act of April 12, 1907, dispensing with the requirement of any indorsement by the postmaster on the envelope in which depositions were returned to court, applied, in the use of the words "such depositions," as well to those taken on written interrogatories under article 2284, as to those taken on oral examination under articles 2291b and 2291c, and was an express·repeal of such requirement in article 2286 of the Revised Statutes as to depositions of either sort.   (Pp. 81, 82).

Questions certified from the Court of Civil Appeals for the Sixth District, in an appeal from Harrison County.

*F. H. Prendergast* and *W. L. Hall,* for appellant.

*S. P. Jones,* for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certified questions from the Court of Civil Appeals for the Sixth District as follows:

"In an action for damages for personal injuries alleged to have been suffered by him as the result of appellant's failure to discharge its duty to him as a passenger on one of its trains, Mosley, the plaintiff below and appellee here in the above styled cause, recovered a judgment which, on appeal to this court, was reversed on the ground alone that the trial court erred in overruling a motion by appellant to quash the depositions of J. H. Ferguson, Allen Fears and Dr. J. G. Hendricks, witnesses for appellee, in reply to written interrogatories propounded to them, and in admitting as evidence on the trial of the cause the depositions of said witnesses. It appeared from the motion to quash and the bill of exceptions approved by the court, in the record, that the depositions had been returned by mail and that neither the postmaster nor his deputy at the postoffice where they were respectively deposited in the mail for transmission to the clerk of the court in which the cause was pending for trial, had endorsed thereon that he received them from the hands of the officer before whom they were taken, as required by art. 2286, Sayles' Statutes. It further appeared from the bill of exceptions that the officer before whom the depositions of the witnesses Ferguson and Fears were taken certified that he "deposited the same in the postoffice at Dallas on the 14th day of February, 1908, addressed to the district clerk of Harrison County, as required by the Revised Statutes, Article 2284, and so endorsed by him as amended by the Legislature in 1907" (General Laws, p. 186), and that the officer before whom the depositions of the witness Hendricks were taken certified on the envelope enclosing same as follows: "I, John P. Slaton, the officer before whom the enclosed depositions were taken, hereby certify that I, in person, deposited this package in the postoffice at Hereford, in Deaf Smith County, Texas, for transmission in the U. S. mail, on the 16th day of February, A. D. 1908. (Signed) Jno. P. Slaton," It further appeared from the bill of exceptions that the motion to quash was overruled by the court below because he was of the opinion that said article 2286, insofar as it required the postmaster or his deputy at the post-office where the depositions were deposited in the mail for transmission to the clerk of the court in which the same was pending for trial to endorse on the envelope enclosing them that he had received them from the hands of the officer before whom they were taken, had been repealed by the Act, April 12, 1907, (General Laws, p. 186). This court held that the requirement of said article 2284 as so amended that the officer shall certify on the envelope enclosing depositions taken in answer to written interrogatories 'that he in person deposits the same in the mail for transmission, stating the date when and the postoffice in which the same are deposited for transmission,' is not inconsistent with the requirement in said article 2286, that when such depositions are so deposited the post-

master or his deputy 'shall endorse thereon that he received them from the hands of the officer before whom they were taken.'

"The cause being yet pending before it on motion for a rehearing, the Court of Civil Appeals for the Sixth Supreme Judicial District, in view of the importance of the ruling as one of practice, certifies to the Supreme Court for its determination the following questions:

"1. Did the trial court err in overruling appellant's motion insofar as it sought on the ground stated to quash the depositions of the witnesses Ferguson and Fears, and in permitting said depositions to be read as evidence in the case?

"2. Did the trial court err in overruling appellant's said motion insofar as it sought on the ground stated to quash the deposition of the witness Hendricks, and in permitting said deposition to be read as evidence in the case?"

We answer both questions in the negative.

We think it clear, from the provisions of the Act of 1907, which are too lengthy to be inserted or even condensed, that the certificate of the officer taking a deposition, "that he in person deposits the same in the mail for transmission," is substituted for that which was before required, viz.: the certificate of the postmaster or his deputy "that he received them from the hands of the officer before whom they were taken."

It is true that the old requirement, which is the last above stated, is found in article 2286 of the Revised Statutes, and that this has not in terms been amended either by the Act of 1905 or that of 1907; and that the new provision is contained in article 2284, as amended in 1907, and that the latter article does not expressly dispense with the postmaster's certificate so that, if this were all, it might be plausibly contended that the legislature had only added another requirement, leaving the preexisting one undisturbed. But we think such a contention is met by article 2291f of the Act of 1907, which is as follows:

"Such depositions shall be certified and returned by the officer taking same, and opened as is provided for depositions in article 2284 of the Revised Civil Statutes of Texas, 1895, as amended by this Act, and as is provided for by articles 2286 and 2287 of said Revised Civil Statutes, except that there shall be no requirement that if sent by mail the postmaster or his deputy mailing the same shall make any indorsement thereon, and the same rules shall apply to the use of such deposition as is provided by articles 2288, 2289, 2290 and 2291 of said Revised Civil Statutes."

We think this can not be restricted to depositions taken upon oral examination. There are provisions in the statute of which this is a part relating to both kinds of depositions and the words, "such depositions," relate to both, as is made plain by the evident purpose here evinced to make the same provision as to the manner of returning them. It is true, as is said in the opinion of the Court of Civil Appeals, that the original provision of article 2286 might stand, as applying to the return of depositions taken upon written interrogatories, consistently with a different one in the new Act applying

to those taken upon oral examination, although no reason would be apparent for making such a difference; but one of the designs of the Legislature disclosed by the Acts of 1905 and 1907, in providing for the first time for oral examinations, was to so expand the pre-existing regulations as to admit the change and adapt them to it. No intent whatever is disclosed to require different modes of returning the depositions through the mail, but, on the contrary, both amendatory Acts show the purpose to apply the same rule throughout. The new provision found in article 2284 is intended as a substitute for the old found in article 2286 and provides the evidence to be furnished that depositions of both kinds returned through the mail came from the proper hands. When such a legislative intent is apparent from the law, it matters not that the old provision might stand consistently with the language of the new. The repugnancy essential to the repeal of an old statute by a new one, in such instances, is that which would exist between the continuance of the old in force in opposition to the obvious intent that the new should supplant it. That is sufficient to operate a repeal although there be no inconsistency in language. In this instance, however, the intention, applicable to all the depositions to which the provisions of the Act of 1907 relate, is not left to implication, but is expressed in article 2291f.

The answer to the further contention as to the Hendricks deposition, is sufficiently stated by the Court of Civil Appeals thus: "The statute did not in terms require the officer to so designate the office he held, and we think the court properly refused to quash the depositions merely because he failed in his certificate to name the office he held."