Hartford Fire Insurance Company v. J. D. Becton and Ben Terrell, Trustees.

App. No. 6672.     Decided March 9, 1910.

1.—Deposition—Return—Certificate on Envelope.

Under article 2284, Rev. Stats., as amended by the Act of April 12, 1907 Laws 30th Leg., p. 186) the requirement that the officer taking depositions

shall certify on the envelope enclosing them that he in person deposits the same in the mail for transmission, if it be held that to certify requires attestation by his seal, is substantially complied with although the endorsement so signed by him is not authenticated by his seal placed on the envelope, where his certificate to the depositions enclosed is authenticated by his seal and the genuineness of his signature on the envelope can be verified by that so attested by his seal inside.   (Pp. 238, 239).

**2.—Same—Certify.**

It seems that the word "certify," in the requirement as to the endorsement on the envelope containing depositions by the officer taking them, should be given the same meaning as it receives when used in the same section of the act as to the attestation of the deposition itself by certificate of the officer taking it, and be taken as meaning a certificate attested by his seal.   (Pp. 237, 238).

Application for writ of error to the Court of Civil Appeals for the Fourth District on appeal from Guadalupe County.

*William Thompson* and *Geo. S. Wright,* for applicant.—The depositions in question were not properly returned and certified in that the notary's certificate on the envelope was not accompanied by his seal as required by the statute.   (Laws, 30th Leg., p. 186; Rev. Stats., art. 3507; Laird v. Ivens, 45 Texas, 621; Wisegarver v. Yinger, 122 S. W., 925.)

MR. JUSTICE WILLIAMS delivered the opinion of the court.

One of the questions presented by this application, involving a question of practice in the returning of depositions under article 2284, Revised Statutes, as amended by the Act of 1907 (p. 186), has already arisen and will probably continue to arise in other cases and we therefore think it proper to put our views upon it in writing.   The question is whether or not the certicate of the officer who has taken the deposition, endorsed on the envelope "that he in person deposits the same in the mail for transmission," must be authenticated by his seal. The question has been decided in the affirmative by the Court of Civil Appeals for the Third District in the case of Wisegarver v. Yinger, 122 S. W., 925, in which the late Chief Justice Fisher gives his reasons for the holding with his usual force.   So much of article 2284, as bears on the question, is as follows:

"    .   .   .   The officer shall certify that the answers of the witness were signed and sworn to by the witness before him, and shall seal them up in an envelope, together with the commission and interrogatories and cross-interrogatories, if any, and shall write his name across the seal, and indorse on the envelope the names of the parties to the suit and of the witnesses, and shall direct the package to the clerk of the court from which the commission issued, and shall certify on envelope enclosing depositions that he in person deposits the same in the mail for transmission, stating the date when and the postoffice in which the same are deposited for transmission."

We were not inclined at first to agree that the statute requires the addition of the seal.   A number of endorsements have always been required to be made by several officers on the envelope enclosing a deposition, viz.: by the officer taking it, of his signature across the seal, of the names of the parties to the suit and of the witnesses; by

the postmaster, when sent by mail, of the fact that the deposition was received by him from the officer who took it; by the clerk or justice of the peace in whose court the cause is pending, of the fact that he received it from the postoffice, with his signature thereto; and, when the deposition is carried by hand, an affidavit of the person carrying it to the fact prescribed, made before, and therefore to be authenticated by, the clerk or justice of such court; and it has never been thought, so far as we know, that it was necessary that any of these endorsements should be accompanied by the seals of the officers, although the official acts of some of them are as fully required to be authenticated by seal as those of notaries. (P. D. arts. 1233, 1431, 1411; R. S., arts. 1122, 1172.)

But this does not meet the difficulty. The provision requiring the endorsements just mentioned prescribe those specific acts, of writing names or words, and nothing more, and the addition to them of a seal would be something not included in that requirement. The provision now in question is that the officer shall "certify," which raises the question discussed by Judge Fisher as to what is implied in that requirement, which may be answered by consulting other rules of law on the subject of official certificates. This still would not be convincing to our minds but for the provision in the same article that the officer shall "certify" that the answers were signed and sworn to before him. This has always been in the statute and we think no one will doubt that it has been treated in practice as exacting a certificate under seal. Greenwood v. Woodward, 18 Texas, 3. This being true, we could give no satisfactory reason for a holding that the requirement in the same language, that the officer "certify" to the depositing of the deposition in the mail, means less and can be met without a seal, when the use of a seal goes with the certificate of such an officer to authenticate his signature. While we have been very reluctant to hold that another has been added to the technicalities attending the merely formal acts to be done in returning depositions, we find ourselves unable to say that the requirement that the officer "shall certify" means less in one place than in the other in this statute, when there is nothing whatever to point to a difference in meaning.

But we are unwilling to hold that the mere omission of the seal from the envelope must, in all cases, when the objection is urged, lead to the suppression of the deposition. The certificate with the seal on the envelope enables the parties and officers of court to see, before opening the deposition, that it has come into the mail from the hands of the officer who took it and that it is ready for use. Therefore it is not useless in any view. As much could be known from the certificate without the seal, if the signature of the officer were known to be genuine. That can be seen when the deposition has been opened, for, if it be genuine, it will have the same signature authenticated by seal to another certificate which the law requires. In the case of a genuine deposition, therefore, evidence is found on its face which will accomplish the same purpose as would the seal impressed on the envelope, which is to verify the officer's signature. This requirement therefore, differs from others, failures to observe which have been held ·

fatal to depositions, in this, that the purpose of this may be met by other information furnished by the same officer upon the face of the same deposition, while the omission to comply with other requirements is not supplied in any other way.    Greenwood v. Woodward, 18 Texas, 3; Carroll v. Welch, 26 Texas, 148.

We therefore hold that the absence of the seal on the envelope is not a reason for suppressing a deposition where the signature to the certificate is elsewhere on the same deposition authenticated by seal.

*Application refused.*