BRAY et al. v. SEWALL et al.   (No. 371.)

(Court of Civil Appeals of Texas. El Paso. Dec. 10, 1914.)

1. MORTGAGES (§ 561*) — ACTIONS FOR DEFICIENCY—SUFFICIENCY OF ANSWER.

In an action on promissory notes secured by a deed of trust for a deficiency remaining after foreclosure of the deed of trust, an answer by certain defendants, alleging facts as to collusion between plaintiff and another defendant alleged to have assumed payment of the notes, *held* subject to some of the special exceptions for immateriality, indefiniteness, and insufficiency, which were sustained by the trial court.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1621; Dec. Dig. § 561.*]

2. APPEAL AND ERROR (§ 737*)—ASSIGNMENTS OF ERROR—INCLUDING ERRORS IN ONE ASSIGNMENT.

Where the special exceptions to an answer each presented various questions of law, but the assignments of error complaining of the sustaining of the various exceptions were grouped, they could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3030–3032; Dec. Dig. § 737.*]

3. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR — SUFFICIENCY OF STATEMENT ACCOMPANYING ASSIGNMENTS.

Where the statement accompanying assignments of error complaining of the sustaining of special exceptions to the answer did not refer to the transcript, was not germane to the proposition under the assignments, and nowhere pointed out the part of the answer to which the exceptions referred, nor set out or gave the substance of the exceptions so as to show that they presented a single proposition of law, the brief did not conform to the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by Campbell Sewall and others against John W. Bray and others. Judgment for plaintiffs, and defendants Bray and wife bring error. Affirmed.

Atkinson, Graham & Atkinson, of Houston, for plaintiffs in error. Campbell, Sonfield, Sewall & Myer, of Houston, for defendants in error.

WALTHALL, J. [1] On October 3, 1912, Campbell Sewall brought this suit in the district court of Harris county, Tex., against Frost Seastrunk, John W. Bray and wife, Irma V. Bray, et al., to recover a balance due on two promissory notes of $5,000 each, described in the petition. He alleged that he had acquired said notes from J. J. Sweeney, without recourse; that said notes were secured by a trust deed on certain property in Houston; that he had foreclosed said trust deed and bought in said property; and that there remained an unpaid balance due of $2,168.30 for which he prayed judgment, which included interest and attorney's fees. Defendants Bray and wife, in their answer, admitted the execution of the notes; admitted that Frost Seastrunk had executed the notes to them, and that they had transferred them to Sweeney, and stated that in August, 1911, Seastrunk had sold the property described and embraced in the deed of trust to R. G. Boon, and that Boon had conveyed same to L. P. Scarborough, who had assumed the payment of said two notes, including interest, and that on September 6, 1911, said Scarborough, for a valuable consideration, executed a written option contract to Bray, and deposited it in escrow by which Bray acquired the right to repurchase said property from Scarborough at any time before 12 o'clock on the 28th of February, 1912, upon the payment by Bray to Scarborough of $1,250 in

cash with interest, and on the further consideration that, at the time said Bray exercised his option, he should reimburse Scarborough for any expense incurred by him on said property, including any interest he had paid on said two notes. It was further alleged that, after Scarborough had secured the deed to said property and executed said option contract to Bray, he brought suit against a railway company for damages to the property, included in the deed of trust, and that, while said action was pending, he was advised that Bray claimed said land by reason of the said option deed, and that Bray was going to exercise his option, and that Scarborough claimed that any damage recovered in the suit against the railway company did not belong to Bray, and that said suit was in the hands of his attorneys. The answer of Bray and wife further alleged that said deed in escrow did not reserve to said Scarborough the said claim for damages against said railway, and that one of Scarborough's attorneys undertook to withdraw said deed from the escrow deposit and substitute another deed, which he (Bray) refused to accept, and demanded that the original deed be returned, which was done, and that Bray exercised his option to repurchase the said property, and paid the purchase price required. Bray's answer further alleged that said Scarborough failed to pay said interest on said two notes in order to prevent the said Bray from exercising his said option, and that plaintiff was induced by said Scarborough to acquire said notes from Sweeney, in order to compel him (Bray) to pay the 10 per cent. attorney's fees, provided in the said notes, and that when he (Bray) learned that plaintiff had bought said notes he then tendered in cash to the attorneys for Scarborough and plaintiff the interest due on said notes, which they refused to accept. Bray further alleged that Scarborough and his attorneys were acting with plaintiff and used his name for the purpose of preventing him (Bray) from exercising his said option; that the interest on said notes was due on February 4, 1912; that plaintiff purchased said notes on the 6th day of February, 1912; and that at the time of the purchase of said notes Sweeney had not declared said notes due on account of the failure to pay the interest, when it became due; that plaintiff paid to Sweeney all the interest due on said notes; and that, when plaintiff got possession of said notes, he at once declared them due for failure to pay the interest when due; and that because of plaintiff's relationships with him (Bray) plaintiff was not authorized to declare said notes due; and that any attempt to accelerate the maturity of said notes was inequitable, unjust, and did not have the effect to mature same. It was further alleged that plaintiff called on the trustee in the deed to act in foreclosing the deed of trust, and that, on his refusing to do so, appointed a substitute trustee who sold said property without knowledge of him (Bray), and that said property was bought in at said sale by plaintiff. Defendant Bray further alleged that, by reason of the facts stated, the said notes were not due when the sale under said deed of trust was made; that said property was prematurely sold, and defendant asked that sale be set aside and the suit abated.

By supplemental petition, plaintiff interposed a general demurrer, and 17 special exceptions to the answer of defendants Bray and wife. The special exceptions were to the effect that the answer was too general and not sufficiently specific to put plaintiff upon notice or advise him of what defendants would undertake to prove in support thereof, and were largely conclusions and not facts; that it was immaterial to any issue in the case whether Scarborough assumed the payment of the two notes sold to Sweeney, no copy being attached and no facts alleged further than mere conclusion of the pleader to show whether the payment of said Sweeney notes was assumed by Scarborough or not; and that it was immaterial, so far as plaintiff was concerned, whether Scarborough assumed or was obligated to defendants to pay said notes or not; that it affirmatively appeared from the answer that plaintiff was in no way responsible for Scarborough's failure to pay the interest on said notes; and that the allegation of such assumed duty was no defense to plaintiffs' cause of action; that Exhibit A, attached to defendants' answer and made a part thereof, shows that it was optional with Scarborough to pay said interest just as it was optional with defendant Bray to take said property; and that the answer did not show that plaintiff was in any way responsible for the default of either Scarborough or Bray; that it was immaterial that Bray did not know the semiannual interest had not been paid on said notes; and that the facts stated in the answer did not excuse Bray from the payment of the interest or see that Scarborough had done so; that the allegation of tender of the interest by defendants to plaintiff are insufficient as to date of tender, amount of tender, and the answer does not show actual payment into court of any interest or principal, and no offer is made to abide the result of the controversy and make good the alleged tender and thus prevent the plaintiff declaring said notes due and proceeding to foreclose his lien on the property; that the answer does not show that the purchase of said notes by plaintiff was in any respect for the use or benefit of defendants; that the answer shows that defendant was a resident of the county in which the property was situated, on which a foreclosure of the lien was made, and no necessity is imposed upon plaintiff by law to notify defendant personally of said foreclosure sale; that the defenses pleaded in the answer constitute no defense

to plaintiffs' suit for the unpaid balance of said two notes, but is a collateral attack upon the sufficiency of the sale of said property by the trustee under the deed of trust. The several exceptions asked that the several immaterial matters pointed out be stricken out. We have stated only the substance of a few of the special exceptions, but possibly enough to show several of the issues of law presented. The general demurrer was by the court overruled; but the 17 special exceptions were all sustained, and the defendants declining to amend, even to the extent of eliminating the immaterial matter, judgment was entered for plaintiff, from which this writ of error is prosecuted.

[2, 3] No motion for a new trial appears in the record, but defendants Bray and wife file assignments of error, numbered first, second, third, fourth, fifth, and sixth. Assignments of error numbered 1 and 2 are grouped and complain of the action of the court in sustaining the 17 special exceptions to the answer. The assignments do not copy the exceptions, nor state specifically to what part of the answer the exceptions refer.

Assignments numbered third, fourth, fifth, and sixth are also grouped and unnumbered, and, while each of said assignments complain of the action of the trial court in sustaining the 17 special exceptions to the original answer, the various exceptions each present various questions of law, and cannot be grouped so as to show a single proposition. In our opinion, the brief filed by plaintiffs in error does not conform to the rules for briefing cases. The assignments are entirely too general in complaining of the action of the court in sustaining the 17 special exceptions to their original answer. While many of the exceptions contain in part repetitions of other exceptions, they each present various questions of law, and point out much immaterial matter, and ask that same be stricken out. The statement following the proposition under the first and second assignments of error, which are grouped, does not refer to the transcript, and in our opinion is not germane to the proposition, and there is no statement under the assignment pointing out the part of the answer to which the exception refers, or setting out or giving the substance of plaintiffs' exceptions, so as to show that the exceptions present a single proposition of law. Each exception presents a different ground of objection, and each raises distinct questions of law and cannot be grouped, except those that reiterate the same proposition. The same criticism applies to the third, fourth, fifth, and sixth assignments of error. We think several of defendants' exceptions should have been sustained and much of the immaterial matter found in defendants' answer should have been stricken out, which defendants in the action refused to do. It could serve no purpose to point them out here. We have stated the issues fully, so that the points of objection to the answer and to the immaterial matter contained in the answer, raised and pointed out by the exceptions, could be seen without the necessity of discussing them severally. We think the court was not in error in rendering judgment for plaintiff.

Judgment is affirmed.