ZEIGER v. WOODSON et ux. (No. 807.)

(Court of Civil Appeals of Texas. El Paso. March 7, 1918. Rehearing Denied March 28, 1918.)

1. DEPOSITIONS ⬸70 — OATH OF DEPONENT.

A witness whose deposition is to be taken in writing in answer to written interrogatories

need not be sworn before his answers are reduced to writing, such requirement applying only on oral examination.

**2. APPEAL AND ERROR ⚌742(1) — SCOPE OF REVIEW—ASSIGNMENTS OF ERROR.**

Where assignments of error are not followed by sufficient statement to explain and support the propositions as required by rule 31 (142 S. W. xiii), the assignments will not be considered.

**3. APPEAL AND ERROR ⚌511(1) — SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.**

If the record fails to show that a bill of exceptions was taken to the court's ruling, an assignment of error thereto will not be considered.

**4. INNKEEPERS ⚌11(12) — LOSS OF GUEST'S BAGGAGE — ACTIONS — PLEADING — SUFFICIENCY.**

In a guest's action for loss of baggage, complaint alleging the relationship of the parties, that plaintiff delivered a trunk check to a bell boy at the hotel, that the hotel received the trunk but negligently failed to deliver it to plaintiff, and setting out the items contained in the trunk and their value, was good as against a general exception.

**5. INNKEEPERS ⚌11(6) — LOSS OF "BAGGAGE."**

Baggage of a guest at a hotel is not necessarily defined as such articles as are ordinarily used by travelers stopping at hotels as guests, nor is it necessary to constitute an article as baggage that it be partly or wholly used as an article of clothing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Baggage.]

**6. INNKEEPERS ⚌11(12)—LOSS OF GUEST'S BAGGAGE—PLEADING DAMAGES.**

Petition, in action for loss of guest's baggage, was not subject to special exception for failure to show whether the figures set opposite the various articles represented the price, the market value, a reasonable value, or the extrinsic value, since it is enough to allege the damages, the rule as to damage being one of evidence and not of pleading.

**7. APPEAL AND ERROR ⚌1170(3)—HARMLESS ERROR.**

In the absence of showing that, in an action wherein the petition was not divided into separate counts, the issues were severable, and in the absence of showing that the refusal to require a separate statement caused the rendition of an improper judgment, error, if any, in overruling an exception to the petition on the ground that it alleged three separate causes of action without numbering the counts, was not ground for reversal, in view of rule 62a (149 S. W. x), preventing reversal except for error causing rendition of improper judgment or tending to prevent proper presentation of the case on appeal.

**8. HUSBAND AND WIFE ⚌270(1) — LOSS OF BAGGAGE—RIGHT TO SUE.**

Where a trunk containing baggage of the husband and wife, most of which was community property, and part of which belonged to the wife, was lost by the innkeeper, both husband and wife could sue to recover the damage in the same suit.

**9. PLEADING ⚌228 — DEMURRER — SUFFICIENCY.**

Where a petition for damages for loss of trunk by innkeeper set out each item lost, with its value, each item constituted a cause of action, and a special demurrer to the petition as a whole was insufficient, since each item should have been specifically excepted to.

**10. WITNESSES ⚌344(1) — IMPEACHMENT — EVIDENCE—ADMISSIBILITY.**

Plaintiff, who testified in his action for damages for loss of a trunk by an innkeeper, could be impeached only by proof of general bad reputation, and not by an affidavit made by him to the effect that he and his wife were unable to pay or give security for costs.

**11. TRIAL ⚌194(1) — INSTRUCTIONS — QUESTIONS FOR JURY.**

Instruction that the jury could consider the fact that plaintiff read all the interrogations before making his answers thereto was properly refused as on the weight of the evidence.

**12. APPEAL AND ERROR ⚌724(1) — SCOPE — ASSIGNMENTS OF ERROR—SUFFICIENCY.**

Under Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), stating the requisites of assignments of error, assignments which do not distinctly specify error are waived.

**13. APPEAL AND ERROR ⚌301 — SCOPE—ASSIGNMENTS OF ERROR—SUFFICIENCY.**

The grounds of error must be set out in the motion for a new trial, and must distinctly specify the error complained of.

**14. APPEAL AND ERROR ⚌302(1)—SCOPE—ASSIGNMENTS OF ERROR—SUFFICIENCY.**

Where motion for new trial was filed May 1st, and overruled May 2d, and bills of exception were not filed until July 18th, reference in the motion to a bill of exception, without stating more, does not distinctly specify the error complained of.

**15. APPEAL AND ERROR ⚌728(2) — SCOPE — ASSIGNMENTS OF ERROR—SUFFICIENCY.**

Assignments of error, not followed by concrete propositions, unsupported by bills of exception, and referring to evidence taken by deposition, but failing to show what parts objected to were read to the jury, cannot be considered.

**16. APPEAL AND ERROR ⚌742(1) — SCOPE — ASSIGNMENTS OF ERROR—SUFFICIENCY.**

Assignments of error, in permitting plaintiffs' attorney in reply argument to refer to evidence referred to by counsel for defendant in his argument, not followed by sufficient statements, and without suggestion of what evidence was referred to or of any harmful results, should not be considered.

**17. TRIAL ⚌114—ARGUMENT OF COUNSEL.**

Rule 39 of the rules for district and county courts (142 S. W. xx), providing that arguments on the facts should be addressed to the jury, and that counsel must confine argument strictly to the evidence and to the arguments of opposing counsel, and that personal criticism of counsel should be avoided, was not intended to prevent a proper reference in the closing argument to evidence heard, simply because counsel preceding has referred to the same evidence.

**18. APPEAL AND ERROR ⚌742(5) — SCOPE — ASSIGNMENTS OF ERROR—SUFFICIENCY.**

Assignments of error to refusal of charges, not followed by appropriate statements showing what the requested issues were, which assignments were grouped in the brief, followed by one proposition, and were not signed by appellant or his counsel, were not to be considered.

**19. INNKEEPERS ⚌11(3)—LOSS OF BAGGAGE —"GROSS NEGLIGENCE."**

Gross negligence of an innkeeper in losing a guest's trunk is not properly definable as "the omission of that degree of care which the most inattentive and careless person would take about the care of his own property."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Gross Negligence.]

**20. APPEAL AND ERROR ⚌743(1) — ASSIGNMENT OF ERROR—REFERENCE TO RECORD.**

In action by guest for loss of baggage, where the jury found that plaintiff was a guest, assignment of error to refusal of requested instruction assuming the contrary, and submitting the issue of gross negligence, which failed to

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

show any reference to the record warranting submission of such issue, could not be sustained.

**21. APPEAL AND ERROR ⚫═109 — DECISIONS REVIEWABLE—SETTING ASIDE FINDINGS.**

Under Rev. St. 1911, art. 1990, providing that where a special verdict of the jury is rendered the court shall render judgment thereon, it is imperative on the trial court to render judgment on the facts found by the jury, though it may then grant a rehearing, but error, if any, would be on the overruling of the motion for a new trial, and not on the motion to set aside the findings and render judgment.

**22. APPEAL AND ERROR ⚫═1001(1)—SCOPE OF REVIEW—FINDINGS OF FACT.**

The court on appeal is bound by the jury's findings of fact if there is any evidence to support such findings.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by P. E. Woodson and wife against Charles Zeiger. Judgment for plaintiffs, and defendant appeals. Affirmed.

Rufus B. Daniel, of El Paso, for appellant. Lea, McGrady & Thomason, of El Paso, for appellees.

WALTHALL, J. P. E. Woodson and wife, Kathryn S. Woodson, brought this suit against Charles Zeiger to recover the sum of $1,300, the alleged value of a certain trunk and its contents. Plaintiffs below alleged that defendant, Zeiger, during October, 1916, was operating a hotel in the city of El Paso, Tex., and that while plaintiffs, with their two little children, were stopping at said hotel as guests, they delivered a trunk check to a bell boy then employed at said hotel for the purpose of having the trunk and its contents, then in the baggage room in the Union Railroad Depot in said city, represented by such check, brought to them at said hotel. Plaintiffs alleged that defendant received said trunk and its contents, but failed and neglected to deliver same to them; that defendant, his agents and employés, have so negligently and carelessly handled said trunk, in violation of its contract to deliver same to plaintiffs, as to allow said trunk and its contents to become lost to them. Plaintiffs stated the items contained in the trunk, giving the value of each item. Defendant demurred generally and specially to plaintiff's petition, made general denial, answered specially that the first information he had concerning said trunk was some 24 hours after the arrival of plaintiffs at the hotel, and that, if such trunk was lost to plaintiffs, plaintiffs were guilty of contributory negligence in not sooner calling defendant's attention to their trunks.

On special issues submitted, the jury found the following facts: Longwell's Transfer Company delivered to defendant, its employés or agents, the trunk and its contents sued for; the agents or employés of defendant in the discharge of their duties misplaced, lost, or delivered said trunk to another than plaintiffs; the reasonable value to plaintiffs at El Paso, Tex., of the trunk and its contents, was the sum of $950; P. E. Woodson delivered his wife's trunk check to defendant's bell boy on Sunday, October 8, 1916; it was within the scope of the authority of such bell boy, as an employé of defendant, to receive such trunk check; defendant's employés either negligently or willfully so handled or assisted in handling or failed to handle plaintiff's trunk or the check thereof as to cause plaintiffs to lose their trunk; the plaintiffs were guests of room No. 10 of the defendant's hotel from the morning of October 8th to the morning of October 9, 1916; neither of the plaintiffs made inquiry of Zeiger or the hotel clerk about their trunk on the afternoon of October 8th; in failing to make such inquiry, plaintiffs did not fail to use such care and caution as an ordinarily prudent person under the circumstances would have used; plaintiffs were not receiving accommodations at the Zeiger Hotel for less than the regular or day rate; plaintiffs did not have any place of abode or residence other than the Zeiger Hotel on October 8th and 9th; there were no articles in the trunk which were not such as are ordinarily used by travelers.

The judgment of the court was for the plaintiffs for the sum of $950, with 6 per cent. interest from the 9th day of October, 1916, and costs.

Appellant presents 140 assignments:

[1] The first five assignments of error, in various ways, complain of the action of the trial court in refusing to suppress the deposition of P. E. Woodson, claiming that the notary did not make proper certificate, nor show that the deposition was subscribed and sworn to before such notary; that the notary did not properly certify and authenticate his acts of depositing same in the mail; nor require the postmaster to certify that he had received same from the notary; because the witness stated that he had read the interrogatories before making answer thereto; that it does not affirmatively appear that the witness was under oath at the time his answers were taken. The final certificate of the notary shows that the answers were sworn to by the witness before the officer. The law does not require that the witness be sworn before his answers are reduced to writing. Weisgarver v. Yinger, 122 S. W. 925, 128 S. W. 1190. The rule invoked applies only to depositions taken under oral examination. The other objections to the deposition are not well taken. Railway v. Mosley, 103 Tex. 79, 124 S. W. 90; Hartford et al. v. Becton, 103 Tex. 236, 125 S. W. 883; Missouri, K. & T. Railway Co. v. Davis, 53 Tex. Civ. App. 547, 116 S. W. 425.

[2] Objection is made to a consideration of the sixth, seventh, and eighth assignments, and we think the objections are well taken. The assignments are not followed by sufficient

statement to explain and support the propositions as required by the rule for briefing. Rule 31 (142 S. W. xiii).

[3] The record does not show that a bill of exception was taken to the court's ruling on the motion for continuance. Insurance Co. v. Huff, 175 S. W. 465. The assignments are not considered.

[4] The ninth, tenth, eleventh, and twelfth assignments are grouped, and claim error in overruling the general and special exceptions to the petition. Objection is made to a consideration of these assignments under the ruling in Bray et al. v. Sewall et al., 171 S. W. 795, and Pecos Ry. v. Amorillo Railway, 171 S. W. 1103. We will consider the assignments only to the extent of holding that the petition is good as against a general exception.

[5] The thirteenth assignment claims error in overruling special exception No. 5 to the petition, the exception being:

"It does not affirmatively appear that the articles mentioned in Exhibit A thereto attached were such articles as are ordinarily used by travelers stopping at hotels as guests of such hotel. Nor that each and every article mentioned in Exhibit A were upon the occasion mentioned even partly used, or were to be used by the plaintiff as articles of clothing while stopping at defendant's hotel."

It was not error to overrule the exception. The petition stated that the trunk contained plaintiff's "baggage," and the exhibit itemized the articles and their values. "Baggage" is not necessarily defined as "such articles as are ordinarily used by travelers stopping at hotels as guests," nor is it necessary to constitute an article as "baggage" that it was partly used or to be used as an article of clothing. The term "baggage" has a broader significance than that contained in the exception. Volume 3, Ency. Dig. of Texas Reported Cases, beginning at page 1053 are many cases defining and discussing the term, to which we must for brevity refer.

[6] The fourteenth assignment claims error in overruling an exception to the petition and exhibit, stating the exception that it "fails to show whether the figures set opposite the various articles represent the price, the market value, a reasonable value, or the extrinsic value of such items," and refers us to M., K. & T. Ry. Co. v. Hailey as sustaining the proposition. The case is not in point. The rule is stated by Mr. Justice Neill in City of San Antonio v. Pizzini, 58 S. W. 635. The rule as to the damage to be applied is a rule of evidence, and not of pleading.

[7] The fifteenth assignment of error is directed to the overruling of an exception to the petition in that it attempted to allege three separate causes of action, and the paragraphs containing the counts are not numbered, and does not show the term of the court to which it is filed. The petition is not divided into separate counts. Appellant has not shown that the issues are severable, nor even suggested that a refusal of the trial court to require a separate statement of the several counts, giving separate numbers to each paragraph, caused the rendition of an improper judgment, or in any way tended to prevent appellant from making a proper presentation of the case to the appellate court. If it was error to overrule the exception, the judgment should not be reversed for such error unless it had such effect. Rule 62a (149 S. W. x).

[8, 9] Sixteenth and seventeenth assignments complain of the overruling of special exception to the petition. It is asserted that, in a suit by the husband and wife for personal property belonging to each, the petition should show how much of the property is the separate property of each and how much is community property. The petition states that most of the property was community property; that some few items were the separate property of the wife, specifying such articles. While we think the husband and wife were entitled to recover in the same suit, and the judgment would be a bar to any second suit, it might be said that the exception does not particularize the items as to which the pleading is claimed to be defective; that is, the demurrer is too large, and goes to the entire petition. Each item in the petition and exhibit constitutes a cause of action, and the rule invoked requires that each item should have been excepted to. If any of the items be sufficiently pleaded, as they are, a special exception to all, without specifying each in particular, should be overruled. W. M. W. & N. W. Ry. Co. v. Granger, 85 Tex. 574, 22 S. W. 959.

There is no merit in the contentions made in the eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, and twenty-sixth assignments.

[10] The twenty-seventh assignment complains of the refusal of the court to permit counsel to put in question by his own affidavit the credibility of the witness P. E. Woodson. The affidavit was by Woodson, and to the effect that he and his wife were unable to pay or give security for the costs. Woodson could be impeached only by proof of general bad reputation. Railway Co. v. Creason, 101 Tex. 335, 107 S. W. 527. If the affidavit could be so used, it could be only after the witness had been first interrogated about the affidavit made and given a chance to explain. Jonhson v. Richardson, 52 Tex. 481; Dooley v. Boiders, 128 S. W. 690.

[11] The twenty-eighth assignment is based on the refusal of the court to submit a special charge to the jury. The charge was to the effect that if the jury found that that plaintiff Woodson, whose deposition was in evidence, was permitted to and did read all of the direct and cross interrogations before making his answers thereto, such fact could be taken into consideration in determining the

credibility of his testimony. The requested charge was clearly on the weight of the evidence and properly refused.

[12] Assignments from twenty-ninth to sixty-first, and one hundred second to one hundred thirteenth, and one hundred seventeenth, one hundred eighteenth, and one hundred twentieth, do not distinctly specify error, and are waived under article 1612, as amended by the 33d Leg. c. 136, p. 276.

[13, 14] The grounds of error must be set out in the motion for a new trial and distinctly specify the error complained of. A reference to the motion for new trial discloses that such has not been done, but the motion simply refers to defendant's bills of exception by number. The motion for a new trial was filed May 1, 1917, and was overruled May 2, 1917. Bills of exception were not filed until July 18, 1917. In this condition of the records, in our opinion, the reference in the motion to a bill of exception, without stating more, does not comply with the rule.

[15] Assignments 62 to 101 are grouped, and present distinct questions; are not followed by concrete propositions; are not supported by bills of exception; they refer to evidence taken by deposition, but it is not shown that the parts of the evidence objected to were read to the jury. They are not considered. The simple fact that the court permitted plaintiffs to introduce the seal of the notary taking the deposition of the witness Woodson does not of itself show reversible error, as claimed in the one hundred fourteenth assignment.

Assignment 115 is not followed by a statement. A reference to the evidence shows that the witness testified that she personally made the original list of items, and, after refreshing her memory, was able to remember the items independently of the list. Cobb v. Riley, 190 S. W. 517.

Assignments 116 to 120 are not followed by an appropriate statement or concrete proposition, but simply refer to bills of exception. They are not considered.

[16, 17] Assignments 121 and 122 claim error "in permitting the attorney for plaintiffs during reply argument to refer to evidence which was referred to by counsel for defendant in his argument." No sufficient statements follow the assignments, and there is no suggestion of what evidence was referred to, or the reference made, or of any harmful results to appellant from the matter complained of. Rule 39 (142 S. W. xx) invoked certainly was not intended to prevent a proper reference in the closing argument to evidence heard, simply because counsel preceding has made reference to the same evidence. The assignments should not be considered, but are considered and overruled.

[18] Assignments 123 to 130 complain of the courts' refusal to submit special charges, but there are no appropriate statements following advising us of what the requested issues were. The assignments are grouped in the brief, followed by one proposition, and necessarily present distinct questions. A reference to the requested issues discloses that they are not signed by appellant or his counsel. Bank v. Patterson, 185 S. W. 1018, and cases there referred to. The assignments are not considered.

[19] Appellant's one hundred and thirty-first assignment complains of the refusal of the court to submit to the jury the question as to whether the appellant was guilty of gross negligence in handling appellant's trunk. Appellant in the submitted issue defined gross negligence as "the omission of that degree of care which the most inattentive and careless person would take about the safety of his own property." The proposition is that "one stopping at a hotel, *who is not a guest*, could not recover from the proprietor for the loss of his property in such hotel unless the proprietor is guilty of gross negligence towards such personal property." Gross negligence is not properly defined in the submitted issue.

[20] The proposition, under the assignment, assumes that appellees were not guests at the hotel. The jury in answer to the seventh issue submitted found that appellees were guests of the hotel. The statement under the assignment makes no reference whatever to the record from which we could know that the issue of gross negligence should have been submitted. There was no error in refusing to submit the issue.

Assignments 132 to 140 claim error in the court's overruling appellant's motion to set aside the special findings of the jury and render judgment for appellant on the several grounds stated in the motion. Article 1990, R. S. 1911, provides that "in all cases where a special verdict of the jury is rendered, or the conclusions of fact found by the judge are separately stated, the court shall, unless the same be set aside and a new trial granted, render judgment thereon."

[21] The above article makes it imperative on the trial court to render judgment on the facts found by the jury. The court could then, on motion, grant a rehearing, and, if there was error, it would be on the overruling of the motion for a new trial, and not on a motion to set aside the jury's findings and render judgment.

[22] Appellant in many of the assignments assumes the fact that appellees were not guests of the hotel. The jury found that they were, and this court is bound by that finding, if there was evidence to support the finding.

Appellant presents a very lengthy brief, 140 assignments, and, while the brief shows much research among the authorities, sufficient attention to the rules for briefing is not shown. Especially is this true as to rules 31 and 35 (141 S. W. xiii). In reference to the fact that appellant's brief shows much time and labor spent in briefing, we have considered many of the assignments not properly briefed; the fact is, we have very

carefully examined the record as to every one. We have found no reversible error.

The case is affirmed.