BISCHOFF et al. v. ALDERSON.*
(No. 1382.)

(Court of Civil Appeals of Texas. El Paso. Jan. 4, 1923. Rehearing Denied Jan. 25, 1923.)

1. Joint-stock companies and business trusts ⬅︎19—Petition in action for fraud in sale of stock held not subject to general demurrer; "actionable fraud."

Vernon's Ann. Civ. St. Supp. 1922, art. 3973a, provides that as to joint-stock companies actionable fraud shall consist in a false representation as to a past or existing material fact or a false promise to do some act in the future, made as a material inducement to another party to enter into a contract, and but for which promise the party would not have entered into the contract, and article 3973b provides that the measure of damages in such a case shall be the difference between the value of the property as represented, or as it would have been worth had the promise been fulfilled, and the actual value of the property as delivered at the time of the contract. A petition for being defrauded in the sale of stock in a joint-stock company alleged that defendants represented that the corporation whose stock was sold had two tracts of land, and agreed to sink an oil well to a depth of 1.000 feet, unless oil was found sooner, that money received for stock would be used for development, and not for promotion, but that the money was appropriated to defendants' own use, and that all the statements of defendants were false, and that plaintiff was induced thereby to buy 1,455 shares of stock at $1 per share, and that the stock was worthless, and prayed for actual and exemplary damages. Held, that the petition was predicated upon the general principles of law applicable to fraud, and not on the statutes, and was not subject to general demurrer for failure to state the value of the stock as represented, or as it would have been if defendants' promises had been fulfilled.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actionable Fraud.]

2. Joint-stock companies and business trusts ⬅︎13—Measure of damages for fraudulent representations in sale of stock is difference between value of stock received and amount paid therefor.

In an action by the buyer of stock of a corporation against the seller for damages from false representations as to the condition of

the corporation, in which the petition was predicated upon the general principles of law applicable to fraud, and stated a good cause of action, the measure of damages was recoverable under the facts alleged, following as a matter of law, and was the difference between the value of the stock received and the amount paid therefor, and not the difference between the value of the stock as it was and as it would have been if the conditions of the corporation had been as represented, as provided by Vernon's Ann. Civ. St. Supp. 1922, art. 3973b, in actions founded on article 3973a for fraudulent representations.

**3. Joint-stock companies and business trusts ⊚⇒19—Special charge as to measure of damages held obscure, confusing, and incorrect.**

Under Vernon's Ann. Civ. St. Supp. 1922, art. 3973a, defining actionable fraud in connection with sale of shares in joint-stock companies, and article 3973b, providing in such cases of fraud the measure of damages shall be the difference between the value of the property as represented or as it would have been had the promise been fulfilled and its actual value at the time of delivery, in an action by a buyer of stock in an oil corporation against the sellers for damages from false representations, a special charge, requiring findings of the value of each share of stock if the value of the corporation's property had been as represented, and the promise sued on had been fulfilled, and the value of each share in the actual condition of things at the time of the contract by which it was sold, was obscure, confusing, and incorrect in failing to submit the measure of damages prescribed by the statute.

**4. Depositions ⊚⇒83(3)—Refusal to suppress deposition not properly sealed held reversible error.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3660, requiring an officer who takes depositions to seal them in an envelope and write his name across the seal, the refusal to suppress a deposition received by the clerk of the court in an envelope whose ends were open, and which was tied with an unsealed string, so that the deposition could have been removed and changed and put back without leaving any trace of the change, was reversible error.

**5. Depositions ⊚⇒77—Statutory requirements as to sealing must be substantially complied with.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 3660, requiring an officer who takes depositions to seal them in an envelope, together with the commission and interrogatories, and write his name across the seal, must be substantially complied with in order not to leave room for fraud, since the purpose of the requirements may not be met by other information.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by G. H. Alderson against J. E. Bischoff and another. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Jos. U. Sweeney and W. M. Coldwell, both of El Paso, for appellants.

Neill, Armstrong & Morrow, of El Paso, for appellee.

HARPER, C. J. [1] George H. Alderson, as plaintiff, brought this suit against J. E. Bischoff and J. E. Monroe for the sum of $1,475 actual and $2,950 exemplary damages, and for cause of action alleges, in substance: That on or about July, 1919, defendants organized a joint-stock company, called the Harry Arthur Oil Company, for the pretended purpose of prospecting for oil; that they issued stock and instituted a selling campaign for the purpose of selling stock; that one H. E. Fleming was induced to act as their agent in such sales; that they as an inducement to the sale of the stock represented in person and by their said agent that the oil company owned an oil and gas lease of 10 acres in the Burkburnett field in Wichita county, Tex.; that they guaranteed to sink one well to the depth of 1,000 feet, unless oil was discovered in paying quantities sooner upon said 10 acres; that it owned 320 acres in the Pecos field; and other promises too numerous to enumerate. Among others, a "prospectus" in print is attached to the petition and made a part thereof, and it is alleged that as an inducement they promised that they guaranteed to use the money received for stock sold for development and not for promotion; that they fraudulently appropriated the money to their own use. It is alleged that all statements made were false, and that he and others whose claims are assigned to him, were induced thereby to purchase 1,455 shares of stock at $1 per share; that the stock was worthless—and prayed for judgment for the amount paid for the stock as actual damages and for exemplary damages in the sum of $2,950. Defendants answered by general demurrer which was overruled, by general denial, and other special answers which are not important here. The case was tried to jury, submitted on special issues, and upon the verdict judgment was entered for plaintiff for $1,015 actual and $761 exemplary damages, and the defendants have appealed.

Appellant presents three propositions. Taking them up in the order which appear to be most convenient, the second is:

"Plaintiff sued for damages for fraud under articles 3973a to 3973c, Revised Statutes of Texas, but his petition failed to aver the value of the property (which was alleged to have been sold to plaintiff and his assignors by means of defendants' false representations and promises) as represented, or as it would have been worth had the promises been fulfilled and the actual value of the property in the condition it is delivered at the time of the contract; and by reason of the failure to aver such difference said petition did not state a cause of

action, so the court should have sustained a general demurrer."

The third is that, the plaintiff having sued under said articles of the statute, the court erred in refusing to give special issue No. 2, requested by defendant on the measure of damages.

"What would have been the value of each share of stock of the Harry Arthur Oil Company on the sale of which plaintiff sued and on which you find that he was damaged if the value of the property had been as represented and the promise sued on had been fulfilled, and what was the actual value of each share of stock in the actual condition of things at the time of the contract by which it was sold."

We are unable to see anything in the plaintiff's pleadings which indicates that the cause of action is predicated upon the articles of the statute cited by appellant, except the plea for exemplary damages.

Article 3973a prescribes that—

As to joint-stock companies, actionable fraud shall consist "of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract, and but for which promise said party would not have entered into said contract," etc.

Then article 3973b:

"All persons guilty of fraud, as defined in this act, shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as would have been worth, had the promise been fulfilled, and the actual value of the property" as "delivered at the time of the contract."

As may be seen from the statement of plaintiff's pleadings, above, this action is predicated upon the general principles of law applicable to actionable fraud, and the measure of actual damages stated is that the plaintiff was induced to purchase 1,475 shares of worthless stock for $1 per share by fraudulent misrepresentations of existing facts, and there are no allegations which would in any wise tend to bring plaintiff's claim for damages within the provisions of the articles of the statute cited.

[2] So plaintiff's petition is not subject to general demurrer, but a recovery may be had upon the allegations, and the measure of damages is not that which appellant asked to be charged by the trial court, but is the difference between the value of the property received and the amount paid therefor. Beckwith et al. v. Powers (Tex. Civ. App.) 157 S. W. 177.

The petition having stated a good cause of action, the true measure of damages is recoverable under the facts as alleged, in other words, the measure of damages follows as a matter of law.

[3] But if the suit is predicated upon the statutes above noted, the special charge should not have been given, because it is obscure and confusing. It is incorrect, in that it does not submit the measure of damages prescribed by the second section of the statute. Judge HIGGINS is of the opinion that the suit and measure of damages is governed by said articles of the statute, but concurs in the view that such special charge was properly refused because as drawn it was objectionable in the particulars indicated. Ara v. Rutland (Tex. Civ. App.) 172 S. W. 993.

[4] But we have concluded that the cause must be reversed and remanded upon the first assignment, which is that the court erred in refusing to suppress the deposition of H. E. Flemming. The facts upon which the question must be determined are substantially as follows: The depositions when delivered to the clerk of the trial court were first wrapped or rolled up in a piece of brown paper and tied with a string, not sealed, not so securely fastened as that it could not be untied. In this condition it had been placed in the envelope. The flap of this envelope was sealed, and both ends were split to the full extent of the envelope. The clerk then testified:

"The packet looked to me like the package had just been slipped into it, like it had been wrapped and slipped in there, and then a cord tied around the envelope so it would not slip out. After untying the cord and slipping the envelope off, the original package could have been extricated and another one inserted, and there was nothing to show that this had not been done."

He further testified that neither the inner string nor the one around the outside were sealed in any way. There is no evidence in the record to show the condition of the wrappings at the time the deposition left the hands of the officer who took them.

[5] Article 3660, Vernon's Sayles' Statutes, provides:

" * * * The officer shall certify that the answers of the witness were signed and sworn to by the witness before him, and shall seal them up in an envelope, together with the commission and interrogatories, * * * if any, and shall write his name across the seal," etc.

Being statutory, these requirements must be substantially complied with. Barber v. Geer, 94 Tex. 581, 63 S. W. 1007.

These specific directions as to the manner of returning depositions are to be substantially complied with, in order that fraud may be prevented. Garner v. Cleveland, Adm'r, etc., 35 Tex. 74.

The court cannot say that this package is in the same condition as when mailed by the officer taking the depositions or not. It could have been properly sealed in the envelope, and the ends split and tied as it ar-

rived after it left the hands of the officer. So far as this record discloses, it does not substantially comply with the statute. These requirements differ from others, failures to observe which have been held not to be fatal to depositions, in that their purpose may not be met by other information, therefore leave room for fraud. Hartford Fire Ins. Co. v. Becton et al., 103 Tex. 236, 125 S. W. 883.

We must therefore hold that the court erred in refusing to suppress the deposition, and for this reason the cause is reversed and remanded.