[Civil No. 2621. Filed July 16, 1928.]

[268 Pac. 1027.]

PAUL KRUPP, Doing Business Under the Firm Name and Style of the Guarantee Shirt Company, Appellant, v. H. G. CHERNIN, Appellee.

Mr. Elbert R. Thurman and Messrs. Duffy & Robins, for Appellant.

Mr. Duane Bird, for Appellee.

LOCKWOOD, J.—Paul Krupp, doing business under the firm name and style of the Guarantee Shirt Company, hereinafter called plaintiff, brought suit against H. G. Chernin, hereinafter called defendant, on an open account for goods sold and delivered in the sum of $1,496, upon which was credited $918.58, leaving a balance alleged to be due of $577.42. This account was sworn to as provided by paragraph 1755, Revised Statutes of Arizona of 1913, Civil Code. Defendant answered as follows:

"Comes now the defendant in the above-entitled action, and, answering plaintiff's complaint herein, denies that he is indebted to plaintiff in the amount set forth in said complaint, and denies that the account of plaintiff against defendant set forth in plaintiff's said complaint and made the basis of plaintiff's action herein is just or true and alleges that said account is not just or true in that it contains items for goods, wares, and merchandise sold and delivered by plaintiff to defendant that were not sold or delivered by plaintiff to defendant, and that such items are the items appearing in said account attached to plaintiff's complaint and marked Exhibit 'A' under dates of September 10th, 12th, and 27th, 1923, for the respective amounts of $83.41 $139, and $95.97."

This answer was properly verified. Plaintiff being a nonresident, his counsel applied for a commission to take his deposition on interrogatories. The deposition was taken and returned into court. The case was set for trial for October 1, 1926, and on that day, but before the trial, defendant filed the following motion:

"Comes now the defendant in the above-entitled action by his attorney, Duane Bird, Esq., and moves the court for an order to suppress, quash, and strike from the files the purported deposition of plaintiff, a witness on his own behalf, taken before one Eugene R. Smith, a notary public in El Paso County, Texas, and heretofore filed herein, upon the ground

that the said deposition was not taken according to law, it appearing therefrom that the said witness before being examined and giving his evidence was not sworn to testify the whole truth and nothing but the truth relative to the cause in and for which said deposition was taken as provided by paragraph 1709, Revised Statutes of Arizona of 1913, Civil Code.''

Paragraph 1709, referred to in the motion, reads as follows:

''Every person whose testimony is taken by deposition, before being examined or giving his evidence, shall be sworn to testify the whole truth, and nothing but the truth, relative to the cause in or for which the deposition is taken.''

The court, after argument, ordered that the deposition be suppressed, whereupon the case came on for trial without any motion for continuance being made by plaintiff. Defendant was called to the stand for cross-examination under the statute, and after such examination plaintiff's counsel moved for a continuance for the purpose of securing the presence of plaintiff or his amended deposition. This motion was denied, whereupon counsel for defendant demurred to the evidence and moved for judgment, which demurrer was sustained and motion granted. After a motion for new trial was overruled, an appeal was taken to this court.

There are some seven assignments of error, but we think it necessary to consider only the first, which is that the court erred in suppressing plaintiff's deposition. As will be seen by the foregoing motion, the ground on which the deposition was suppressed was that it was necessary the witness be sworn to testify the whole truth and nothing but the truth before giving his evidence, and that the deposition show this was done. The deposition itself is silent as to whether the witness was so sworn. The certificate of the notary to the deposition, however, reads as follows:

"Sworn to and subscribed before me by Paul Krupp, this 22d day of May, A. D. 1926. Eugene R. Smith, Notary Public in and for El Paso County, Texas. (Seal.)

"The State of Texas, County of El Paso:

"I, Eugene R. Smith, Notary Public in and for El Paso County, Texas, do hereby certify that the foregoing answers of Paul Krupp, the witness before named, were made before me and were sworn to and subscribed to before me by the said witness.

"Given under my official signature and seal this 22d of May, A. D. 1926. Eugene R. Smith, Notary Public in and for El Paso County, Texas. (Seal.)"

It is urged we must draw therefrom the conclusion that the witness was sworn after, instead of before, the giving of the answers. We are of the opinion that the certificate on its face does not show when the oath was administered. The question then resolves itself into whether or not a deposition taken on interrogatories must show affirmatively on its face that an oath of the nature set forth in paragraph 1709, *supra,* was administered, in order to make the deposition admissible.

Depositions are purely creatures of statute, and are governed by the terms of the particular statute allowing them. 18 C. J. 606, 607. There are two methods in which they are commonly taken, one upon written interrogatories and cross-interrogatories, and the other by oral examination of the witness before the proper officers. In 1877 the statutes of the Territory of Arizona provided for depositions taken both within and without the territory. Those taken within the territory were upon oral examination; those taken without were always upon interrogatories and not upon oral examination. The statute at that time did not specifically provide the nature of the oath to be administered or the form of certificate to be made. In 1887 our statutes were again codified. That code provided for a deposition by oral exam-

ination in the county where the suit was pending, but in all other cases the deposition was upon interrogatories. For the first time the method of taking and certifying the depositions so taken was set forth. Paragraphs 1841 and 1845, Revised Statutes of Arizona of 1887, Civil Code, provided as follows:

"1841. (Sec. 17.) The style of the commission shall be 'The Territory of Arizona,' and it shall be dated and tested as other process; it shall be addressed to the several officers named in the succeeding section, and shall authorize and require them, or either of them, to summon the witness before him forthwith, and to take his answers under oath to the direct and cross-interrogatories, if any, a copy of which shall be attached to such commission, and to return without delay the commission and interrogatories, and the answers of the witness thereto, to the clerk or justice of the proper court, giving his official and post-office address."

"1845. (Sec. 21.) Upon the appearance of the witness, the officer to whom the commission is directed, or where no commission issues, the officer mentioned in the notice, shall proceed to take his answers to the interrogatories. The answers shall be reduced to writing and shall be signed and sworn to by the witness. The officer shall certify that the answers of the witness were signed and sworn to by the witness before him, and shall seal them up in an envelope, together with the commission and interrogatories and cross-interrogatories, if any, and shall write his name across the seal, and indorse on the envelope the names of the parties to the suit and of the witnesses, and shall direct the package to the clerk of the court or the justice of the peace, as the case may be, from which the commission issued, or where there is no commission, to the clerk or justice in whose court the action is pending."

Nothing was stated in the Code as to the form of oath to be administered to the deponent, or at what time it was to be given. This statute was evidently taken from the Texas Civil Code of 1879 (articles

2225, 2229), the two paragraphs being almost identical in their language with corresponding portions of that Code. In the Code of 1901 (paragraphs 2514, 2518) the provisions of the Code of 1887 were re-enacted in substance. In 1913 our statutes were again codified. Paragraph 1689 of that Code set forth all of the circumstances under which depositions could be taken. Paragraph 1690 then provided as follows:

"1690. Depositions of witnesses may be taken by either of the following methods:
"(1) Upon written interrogatories and cross-interrogatories.
"(2) Upon oral examination, and cross-examination."

The remainder of the title dealing with the subject set up two different and distinct methods of taking depositions. The first was upon written interrogatories, and the provisions of the Code dealing with this followed almost *verbatim* the Code of 1901. The method of taking the depositions and the method of return were set forth with considerable particularity. An equally definite and distinct method of taking depositions on oral examination was also provided. The method of taking and certifying thereto was also carefully set forth, and it differed in many important respects from the method provided for depositions on interrogatories. Paragraph 1709, *supra,* appears for the first time, immediately following the method prescribed for taking depositions on oral examination. In 1907 the Texas Legislature (Acts 1907, chap. 91) revised its statute in regard to depositions in very much the same manner as we did in 1913, providing first the form and method of taking them on interrogatories as had been the custom in the past, and then adding, as we did, a system of depositions on oral examination. A provision similar to our paragraph 1709, *supra,* was for the first time included in the law. A few years later, in the case of *Wise-*

*garver* v. *Yinger,* (Tex. Civ. App.) 122 S. W. 925, a deposition was offered in evidence in which, as in the case at bar, it did not appear that the witnesses were first cautioned and sworn to testify to the truth, as provided in the act of 1907. Referring thereto, the court said:

"That provision of the statute relates to depositions when taken under oral examination, and it was not intended to apply where their answers are taken by written interrogatories propounded under the general statute."

A similar question was raised in the case of *Zeiger* v. *Woodson,* (Tex. Civ. App.) 202 S. W. 163, and the decision was the same. It is true that both the foregoing decisions were rendered after we had adopted the original Texas statute and after its modification. Nevertheless they are very persuasive on the question of its interpretation. If we are to construe paragraph 1709, *supra,* as applying to depositions taken under interrogatories, paragraphs 1695 and 1699 of the Code of 1913, which are re-enactments in substance of paragraphs 1841 and 1845, *supra,* if not in actual conflict with. paragraph 1709, are at least highly confusing and misleading, both to attorneys and to officers taking a deposition. If it had been the intention of the legislature that the rules clearly laid down for taking a deposition upon oral examination were to be followed in depositions on interrogatories it is not reasonable to believe they would have placed paragraphs 1695 and 1699 in the Code in their present form.

We hold, therefore, that there are two separate and distinct forms of taking a deposition under the Arizona Code, and that the manner of the taking and of return of depositions upon interrogatories is set forth in paragraphs 1695 and 1699, and that the provisions of paragraph 1709 apply only to depositions upon oral examination. Such being the case, the deposi-

tion suppressed by the court showed on its face that it was taken and returned in substantial conformity with the statute, and the court erred in its action thereon. The judgment of the superior court of Santa Cruz county is reversed and the cause remanded for new trial.

ROSS, C. J., and McALISTER, J., concur.