## Ex Parte Tom Cain.

### No. 4103.    Decided June 23, 1909.

**1.—City Charter and Ordinance—Fire Limits—Building—Police Power.**

It is an inherent power in all cities, for the prohibition of and protection against conflagration, that a city council may establish fire limits as an appropriate exercise of its police power, and this includes not only the enactment of ordinances establishing fire limits, but prohibiting the use of inflammable material in building or repairs thereto.

**2.—Same—Legislative Authority.**

Under Revised Statutes, article 523, the city council of a city incorporated under the general laws may prohibit the erection, building, placing, moving or repairing of wooden buildings within said city as they may designate and prescribe, and they are also authorized to prohibit the rebuilding or repairing of wooden buildings when same have been damaged 50 percent of the value thereof, and may prescribe the manner of ascertaining such damages.

**3.—Same—Conflict Between State Laws and Ordinance.**

Where the general law prohibited the rebuilding or repairing of wooden buildings when same had been damaged 50 percent of the value thereof, and the city ordinance placed this limit at 20 percent, said conflict would not justify the court in holding that such fire ordinance was invalid on account of such conflict. To the extent of the conflict the ordinance would not be upheld.

**4.—Same—Habeas Corpus—Complaint.**

The writ of habeas corpus is not available to test the sufficiency of a criminal complaint. Following Ex Parte Cox, 53 Texas Crim. Rep., 240.

From Wichita County.

Original application for writ of habeas corpus for release from commitment under an arrest for a violation of a city ordinance, establishing fire limits and prescribing character of building, etc.

The opinion states the case.

No brief on file for relator.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant presents his application for a writ of habeas corpus, alleging in substance that he is illegally restrained of his liberty and confined by the city marshal of the city of Wichita Falls, and that he is so restrained by virtue of a certain warrant of arrest issued upon a complaint charging him with the violation of a certain city ordinance of the city of Wichita Falls, attached to his application.

It is alleged that this ordinance is unconstitutional and void, and
that he ought not to be restrained of his liberty by reason of any al-
leged violation of the same. Attached to the application is a warrant
in due form for the arrest of appellant by the recorder of the city of
Wichita Falls, and a return by the city marshal reciting in substance
that he is held by virtue of said warrant. Accompanying the applica-
tion is an affidavit by R. V. Gwinn, charging in substance a violation
of the city ordinance of said city, in that the said relator had made an
addition to a wooden building situated within the fire limits, fully de-
scribed and set out in said affidavit. A copy of the ordinance of the
city of Wichita Falls is attached to the application, in which the fire
limits of said city are distinctly set out, and it is provided that it shall
be unlawful for any person thereafter to erect any building or structure
of any other material than brick or stone for the walls, and metal,
gravel or slate for the roof of such building or structure, except as
therein provided. It is provided that any building hereafter erected,
having more wood on the outside of the building than required for the
door and window frames, roof, eaves, door shutters, sash, porticos and
steps, shall be deemed a wooden building, subject to the penalties im-
posed by the preceding section; provided, however, that this section
shall not be construed so as to prohibit awnings. It is also provided
that it shall not be lawful for any person to move any wooden building
within the fire limits to any other place within the same, nor from
without to within the same, nor to elevate, nor to make an addition to,
nor to cover any building now within the fire limits with shingles, or
other combustible material, except repairs that are less than twenty per-
cent of the value of said building. The ordinance contains other pro-
visions in respect to repairs on buildings, the regulation of flues, pipes
and chimneys, not necessary to here set out. It is well settled in this
State that a writ of habeas corpus is not available as a means of ef-
fecting the purpose of appeal, certiorari or supersedeas; nor is it avail-
able to test the sufficiency of a criminal complaint. Ex parte Cox, 53
Texas Crim. Rep., 240; 109 S. W. Rep., 369. By express legislative
sanction (R. S., art. 523) the city council of cities incorporated under
the general laws may prohibit the erection, building, placing, moving
or repairing of wooden buildings within said city as they may designate
and prescribe, and they are also authorized to prohibit the rebuilding
or repairing of wooden buildings when same have been damaged fifty
percent of the value thereof, and may prescribe the manner of ascer-
taining such damage. It will be noticed in this connection that section
4 of the ordinance questioned in this case prohibits repairs which are
less than twenty percent of the value of said building, and to this ex-
tent, under the case of Ex parte Hidleberg, 51 Texas Crim. Rep., 581,
there would seem to be a conflict between the ordinance in question and
the general law. Aside from the express legislative grant to city coun-
cils in this State, it is an inherent power in all cities, for the prohibi-
tion of and protection against conflagration, that a city council may es-

tablish fire limits as an appropriate exercise of its police power, and this includes not only the enactment of ordinances establishing fire limits, but prohibiting the use of inflammable materials in building or repairs thereto. This authority is expressly recognized in our own courts. Chimine v. Baker, 75 S. W. Rep., 330. We are not advised in the application, or is it made to appear by any evidence, in what respect the ordinance attacked is invalid, nor is any reason shown why the relator should be discharged. The mere fact that in one unimportant respect the ordinance is not in harmony with the general law would not justify us in holding the fire ordinance invalid. To the extent of the conflict the ordinance would not be upheld. It is, therefore, ordered that the relator be, and he is, hereby remanded to the custody of the city marshal of the city of Wichita Falls.

*Relator remanded.*

DAVIDSON, Presiding Judge, dissents.