FIRST NAT. BANK OF GIDDINGS v. LEE COUNTY COTTON OIL CO. et al.*
(No. 6540.)

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1923. Rehearing Denied March 7, 1923.)

1. **Bills and notes ⚖225—Uniform act repealed provision for fixing secondary liability by suit at first term.**

Rev. St. 1911, art. 579, permitting the holder of a negotiable instrument to fix the liability of any drawer or indorser without protest or notice, by instituting suit against the party primarily liable before the first term of the court after the right of action accrues, which was a re-enactment of an act originally passed in 1848 to provide a means of fixing the liability of drawers and indorsers, other than by protest and notice as required by the custom of the law merchant, was impliedly repealed by the Uniform Negotiable Instruments Act (Acts 36th Leg. [1919], c. 123 [Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197]), the title to which states its purpose to make uniform the law of negotiable instruments and to repeal all laws or parts of laws in conflict therewith, and article 7, § 89 (article 6001—89), of which provided that, when a negotiable instrument has been dishonored, notice of dishonor must be given to the drawer and to each indorser or they are discharged, and section 197 (article 6001—197), of which repealed all acts and parts of acts inconsistent therewith.

2. **Bills and notes ⚖146—Uniform act was intended to cover whole subject.**

It was clearly the intention of the Legislature in passing the Uniform Negotiable Instruments Act (Acts 36th Leg. [1919] c. 123 [Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197]), to cover the whole subject-matter relating to negotiable instruments and to supersede and repeal all laws then existing on the same subject.

3. **Statutes ⚖159—Later repugnant act repeals earlier act.**

Where an act is repugnant to an earlier act, or so inconsistent with it as to show an intention to repeal the former act, the later act does repeal the earlier act.

4. **Statutes ⚖161(1) — Statute intended to cover whole subject repeals earlier statutes relating to it.**

Where it is clearly shown to be the intention of the Legislature to cover the whole subject-matter under consideration, its act by implication will repeal former acts on the same subject, though they are not mentioned.

5. **Appeal and error ⚖882(5)—Party refusing opportunity to amend cannot contend objection was not specifically pointed out by demurrer.**

Where plaintiff was given an opportunity to amend his petition after general demurrer thereto was sustained, and refused to do so, it cannot complain on appeal that the specific defect was not sufficiently pointed out by the general demurrer.

6. **Bills and notes ⚖469—Allegation of demand and refusal is not sufficient to show notice of dishonor.**

The general allegation in a petition that the defendants, though often requested, had refused to pay the demand, is insufficient to allege the giving of notice of dishonor to the defendants who were secondarily liable on bills of exchange, even as against a general demurrer; it being necessary to allege, at least generally, that the notice of dishonor was given.

Appeal from District Court, Lee County; R. J. Alexander, Judge.

Action by the First National Bank of Giddings, Tex., against the Lee County Cotton Oil Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Watson & Simmang, of Giddings, for appellant.

Bowers & Bowers, of Caldwell, for appellee Caldwell Oil & Mill Co.

The Bowers, of Giddings, for appellee Gerhard Zoch.

Fiset & Shelley and F. W. Moore, all of Austin, for appellee Oscar Robinson, sued also as Southern Cotton Seed Co.

BLAIR, J. This suit is an appeal from a judgment of the district court of Lee county, Tex., sustaining a general demurrer to appellant's petition for its failure to allege sufficient facts to properly fix the liability of the drawers and indorsers of the numerous sight drafts and bills of exchange herein sued upon.

The suit was filed by the First National Bank of Giddings, Tex., appellant, against the Lee County Cotton Oil Company, as acceptor, or drawee, and against the other defendants, appellees herein, either as drawers or indorsers of notes, sight drafts, and bills of exchange, the recovery on which is sought. The sight drafts and bills of exchange were transferred to appellant by the Lee County Cotton Oil Company, by blank indorsement, for a valuable consideration, before maturity, without notice, and appel-

lant became the owner thereof in due course of trade. The suit was filed before the first term of the district court of Lee county, Tex., after dishonor of said sight drafts and bills of exchange by nonpayment. However, the petition did not so allege that it was brought at the first term after dishonor; nor did it allege that notice of dishonor had been given drawers and indorsers as required by law to fix their liability on the sight drafts and bills of exchange herein sued upon.

The trial judge in sustaining the general demurrer to appellant's petition held that the Uniform Negotiable Instruments Act of 1919, by Article 7, §§ 89 to 118, both inclusive, Acts of 36th Legislature, pp. 200–203 (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—89 to 6001—118), repealed article 579, Revised Statutes of 1911, which latter act fixed the liability of drawers and indorsers of notes and bills of exchange by bringing suit at the first term of the court having jurisdiction after the cause of action accrued, or at the second term, good reason being shown why it was not brought at the first term; and further, because of the failure of appellant's petition to allege that notice to so fix the liability of appellees herein, as required by the Uniform Negotiable Instruments Act of 1919, had been given. Appellant in open court refused to amend its petition, but excepted to the action of the court in sustaining the general demurrer, and by proper assignments of error present its case for our determination.

By its first and second assignments of error appellant complains of the action of the trial judge in holding that article 7, and the various sections 89 to 118, both inclusive, had repealed article 579, Revised Statutes of 1911.

[1] In order that the subject-matter of these laws may be clearly reviewed in this opinion, we set them out in full herein.

Article 579, Revised Statutes of 1911, provides as follows:

"The holder of any bill of exchange or promissory note, assignable or negotiable by law, may secure and fix the liability of any drawer or indorser of such bill of exchange, and every indorser of such promissory note, without protest or notice, by instituting suit against the acceptor of such bill of exchange, or against the maker of said promissory note, before the first term of the district or county court to which suit can be brought, after the right of action shall accrue; or by instituting suit before the second term of said court, after the right of action shall accrue, and showing good cause why suit was not instituted before the first term next after the right of action accrued."

It will be noted that article 579, R. S. 1911, as re-enacted by the Legislature, was originally passed in 1848, evidently for the purpose of providing a means of fixing the liability of drawers and indorsers of notes

and bills of exchange as stated, other than by protest and notice as required by the custom of law merchant then in use.

Acts 36th Legislature, article 7, p. 200, § 89, provides:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

The various other sections 90 to 118, both inclusive, merely provide the mode and manner in which such notice is to be given, and the time thereof, as well as the circumstances under which such notice need not be given, and that protest, except in case of foreign instruments, need not be made. It will be noted that in none of these sections is it provided that liability may be fixed by suit without notice.

In the caption of the Uniform Negotiable Instruments Acts of 1919, we find the following language used:

"An act to make uniform the law of negotiable instruments in the state of Texas, repealing all laws and parts of laws in conflict herewith, and declaring an emergency."

In section 89 of same law, we find it provides:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

Also in section 197, under the head of "General Provisions," of this same law, we find the following:

"All acts and parts of acts inconsistent with this act are hereby repealed."

We are of the opinion that an act which provides a means of fixing the liability of the drawers and indorsers of notes and bills of exchange by bringing suit at a specified time, without notice or protest, is not only in conflict with, but is repugnant to, and is repealed by, a later act which provides a means of fixing liability in such cases only by notice of dishonor within a specified time and in the manner and mode "therein provided," and especially so where the later act provides in its caption, in its body, and in its enacting clause, that all laws and parts of laws in "conflict with" or "inconsistent with" the same are repealed. Authorities: State v. Houston Oil Co. of Texas (Tex. Civ. App.) 194 S. W. 422; Texas & Pac. Ry. Co. v. Mosley, 103 Tex. 79, 124 S. W. 90; Ex parte Cain, 56 Tex. Cr. R. 538, 120 S. W. 999.

[2] It was clearly the intention of the Legislature, in passing the Uniform Negotiable Instruments Act, to cover the whole subject-

matter relating to negotiable instruments; and that such act should supersede and repeal all laws then existing on the same subject, for in its caption it provided that the same was "an act to make uniform the law of negotiable instruments * * * repealing all laws and parts of laws in conflict herewith." In its body (article 7, § 89, p. 200) it was provided that—

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

And in its enacting clause (section 197) it was provided that "all acts and parts of acts inconsistent with this act are hereby repealed."

[3, 4] It has been a well-settled rule for many years by the courts of Texas, where an act is repugnant to. or is in conflict with, or that the act is so inconsistent with as to show an intention to repeal former acts on the same subject that such latter act does directly repeal all former acts thereon. Or where by the later act, it is clearly shown to be the intention of the Legislature to cover the whole subject-matter under consideration, that the later act, by implication, will repeal the former, even though the specific law repealed be not mentioned in any· of the above instances. Authorities: Galveston, H. & H. Ry. Co. v. Anderson (Tex. Civ. App.) 229 S. W. 998; Berry v. State, 69 Tex. Cr. R. 602, 156 S. W. 626; Cole v. State, 106 Tex. 472, 170 S. W. 1036; Jessee v. De Shong et al. (Tex. Civ. App.) 105 S. W. 1011; Rogers v. Watrous, 8 Tex. 61, 62,· 58 Am. Dec. 100.

We are therefore of the opinion that article 579, R. S. 1911, was repealed by article 7, and sections thereunder, Uniform Negotiable Instruments Act of 1919.

By its third assignment of error the appellant contends that the court erred in sustaining the general demurrer to its petition even though the court should hold that article 579, Revised Statutes 1911, had been repealed by the later Uniform Negotiable Instruments Act of 1919, for its failure to allege that notice of dishonor of the bills of exchange sued upon had been given to drawers and indorsers, appellees herein, as required by the later act:

First, because only a special exception could reach such defect of pleading; and,

Second, because the petition did allege "that the defendant and each and all of them, though often requested, have hitherto failed and refused to pay same or any part thereof," which allegation appellant contends was sufficient pleading of notice of dishonor to fix the liability of the drawers and indorsers of the bills of exchange herein sued upon.

[5, 6] We are of the opinion that the trial judge was correct in sustaining the general demurrer, and, the judgment showing that appellant was given an opportunity to amend in this particular which it refused to do, it cannot now complain that the specific defect was not sufficiently pointed out by the general demurrer. The above allegation relied upon by appellant as being sufficient against a general demurrer is merely the general allegation used to inform the court that demand of payment and the refusal to pay had been made and refused, which demand must be made and refused before any cause of action shall accrue; or facts must be pleaded to excuse the demand of payment. The allegation may by inference show that notice of dishonor had been given, since a demand of payment and a refusal thereof could hardly be made without the party to whom demand is made becoming informed that the bill or note had been dishonored. But we think the correct rule to be that the pleadings, the office of which is to inform the court and the opposing party the issues in the case, as well as the capacity in which it seeks to hold the party, should at least state generally necessary facts to so inform, and a failure to do so can be reached by a general demurrer. A petition should somewhere on its face disclose the fact that notice of dishonor of the instrument sought to be collected had been given to those whom the statute requires should have such notice, else they are discharged, and a general demurrer to a petition which does not so plead is properly sustained. All the authorities seem to hold that where notice of dishonor of a note, draft, or bill of exchange to fix the liability of drawers and indorsers thereon is required, a petition which fails to allege, at least generally, that such notice as required by law to fix such liability had been given, is defective as against a general demurrer. Authorities: Daniel on Negotiable Instruments (4th Ed.) vol. 2, pp. 99, 107, and cases cited thereunder; Dunn v. Townsend (Tex. Civ. App.) 163 S. W. 312.

We are of the opinion that the judgment of the trial court should be affirmed.

Affirmed.