Ex Parte J. Wernet.

No. 9477.  Delivered October 7, 1925.

**1.—Habeas Corpus—City Ordinance—Of Waco—Held, Valid.**

Relator seeks by habeas corpus, to obtain relief against a judgment of conviction for violating an ordinance of the City of Waco, prohibiting the accumulation of boxes or other rubbish, within the fire limits, etc.

**2.—Same—Continued.**

The power of cities to pass ordinances such as that under consideration has received attention in several of the decisions of this court. See Gray v. Woodring Lumber Co., 197 S. W. 231, and authorities cited in opinion.

Original application for writ of habeas corpus, presented by relator in the Court of Criminal Appeals.

Relator seeks relief in this court by writ of habeas corpus, from a judgment rendered in the City Court of Waco, in McLennan county, for a violation of a city ordinance, assailing the validity of said ordinance.

Writ denied.

The opinion states the case.

*S. J. Smith,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Relator seeks, by way of *habeas corpus,* to obtain relief against the enforcement of a judgment of conviction rendered in the city court for violation of an ordinance enacted by the city of Waco, which ordinance reads thus:

"Art. 133. That the accumulation of boxes, barrels, or other rubbish within the fire limits of this city, in yards without roof or protection, is hereby prohibited and declared a misdemeanor subject to a fine of not less than one dollar ($1.00) nor more than ten dollars ($10.00)."

101 Tex. Crim.—27.

No brief has been filed, but the contention appears to be that the enactment of the ordinance is not within the scope of the city's authority. The terms of the charter of the city of Waco are not embraced in the record, nor is there reference to them. The city, however, is one over 5,000 inhabitants, and is therefore in a class which is by express terms of the statute given authority to establish and maintain fire limits. See Art. 1096d, p. 334, Vernon's Tex. Crim. Statutes. It has also the power to define and abate nuisances.

We have been referred to no authority and conceive of no reason that would condemn the ordinance in question as beyond the power of the city in the exercise of its legitimate functions. An elaborate discussion of the subject is not deemed desirable. Suffice it to say that the power of cities to pass ordinances such as that under consideration has received attention in several of the decisions of this court. See Gray v. Woodring Lumber Co., 197 S. W., Rep. 231; Chimine v. Baker, 75 S. W. Rep. 330; City of Brenham v. Nolle & Seelhorst, 153 S. W. Rep. 345; Ex parte Cain, 120 S. W. Rep. 999, 56 Tex. Crim. Rep. 535. See also Ency of Law & Proc., Vol. 28 p. 741; 36 L. R. A. p. 599 note.

The writ is denied.

*Writ Denied.*