## EX PARTE A. H. VIENO.

No. 14716.   Delivered October 14, 1931.

The opinion states the case.

*O. M. Lord, D. E. O'Fiel,* and *Jno. A. Veillon,* all of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant is charged in Kerr county with wife desertion. He was arrested by the sheriff of Jefferson county on a capias issued out of Kerr county. Upon a writ of habeas corpus he sought release from the custody of the sheriff of Jefferson county. He appeals from an order remanding him to custody.

Appellant offered proof showing that he and his wife resided in Jefferson county and that the act of desertion, if any, occurred in Jefferson county. He further offered testimony tending to show that he was not guilty of the offense of desertion.

As we understand the record, appellant is attempting to avoid a trial in Kerr County. In his Annotated Penal Code of Texas, sec. 239, Mr. Branch states the rule as follows:

"A writ of habeas corpus cannot serve the purpose of an appeal, certiorari, mandamus, or quo warranto."

See Ex parte Cain, 56 Texas Crim. Rep., 538, 120 S. W., 999.

If on the trial of this case the evidence is not sufficient to show the commission of the offense in Kerr County, we apprehend the trial court will so decide. If the question is not correctly decided an appeal will lie. See Ex parte Windsor, 78 S. W., 510.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.