## WALL v. REIMERS et al.
## No. 8042.

Court of Civil Appeals of Texas. Austin.

Jan. 23, 1935.

A. M. Felts and Horace Shelton, both of Austin, for appellant.

L. L. Hoge and Hart, Patterson, & Hart, all of Austin, for appellees.

McCLENDON, Chief Justice.

Mrs. Jackel sued C. F. and T. B. Wall upon their joint and several note in her favor, dated in 1928, and due one year after date. While the case was pending, Mrs. Jackel died, and Reimers, her administrator, was substituted as plaintiff.

Upon a trial to the court without a jury, the judgment was for the plaintiff against both defendants for the full amount of the note. C. F. Wall alone has appealed.

Appellant's brief has no assignments of error, but urges two propositions to the effect, first, that although he signed the note as principal, he was in fact only a surety for T. B. Wall, which fact was known to Mrs. Jackel; and, second, that to fix his liability as surety it was necessary under R. S. art. 566 that the holder either protest the note or bring suit thereon to the first or second term of court thereafter. The record conclusively shows that appellant was in fact only a surety, and that this was known to Reimers who acted for Mrs. Jackel in making the loan. The above article was not complied with. The difficulty we find with the second proposition is that the invoked article only applies to the drawers and indorsers of bills of exchange, and the indorsers of negotiable notes. The statute has no application whatever to a surety, whether or not his suretyship be expressed upon the face of the note. See 8 C. J., p. 531, § 743. This statute was repealed by implication by article 5938 (Uniform Negotiable Instruments Act, § 89 et seq., First Nat. Bank v. Cotton Oil Co. [Tex. Civ. App.] 250 S. W. 313, judgment affirmed [Tex. Com. App.] 274 S. W. 127); which makes mandatory notice of dishonor to the drawer and indorser; but in like manner as article 566 has no application to sureties.

There is an additional ground of invalidity of this defense, in that the note provides: "The makers and endorsers hereof hereby severally waive protest, demand, and notice of protest and nonpayment in case this note is not paid at maturity, and agree to all extensions and partial payments before or after maturity without prejudice to holder." Brinker v. Bank (Tex. Civ. App.) 16 S.W.(2d) 965, reversed on other grounds (Tex. Com. App.) 37 S.W.(2d) 136.

The trial court's judgment is affirmed.

Affirmed.