

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 3, 1963

Hon. W. P. Herms, Jr.　　　　　Opinion No. C-49
County Auditor
Waller County　　　　　　　　　Re: Various questions concerning
Hempstead, Texas　　　　　　　　　　county depositories.

Dear Mr. Herms:

　　　　　The questions posed by your opinion request are as follows:

> "1.　In accordance with Article 2552 and 2553
> R.C.S. is it not mandatory upon the Farmers
> State Bank to designate a place, person, or
> corporation at said county seat where all checks
> drawn upon County Funds by the County Treasurer
> will be paid and also designate 'the place at
> the county seat where, and the person by whom,
> all deposits may be received from the Treasurer
> <u>for such depository</u>' (Italics mine Article 2552
> and 2553)?　If this statute is to be interpreted
> as it reads, then such designations must be
> without any restrictive qualifications, since it
> is not contemplated that funds be mailed to de-
> pository anywhere outside the county seat.

> "2.　When County Treasurer, Tax Collector, County
> Hospital or other official deposits County Funds
> with the place designated at county seat by the
> Farmers State Depository Bank, should not such de-
> pository, through its designated agent, be re-
> quired to assume the responsibility of said funds
> at time of deposit at such designated place, and
> should not such designated place issue deposit
> voucher to depositing county official as evidence
> of deposit, in the same manner that a bank issues
> a deposit voucher to a depositor?

> "3. If your answer to number two above is 'No',
> then just when, how, and where may the county of-
> ficial discharge his responsibility for such funds?
> From an administrative standpoint, we will encoun-
> ter numerous difficulties and problems if county
> officials are required to mail their county funds

-222-

elsewhere instead of depositing them at the county
seat; . . .

        ". . .

"4.   . . . should not the Commissioners' Court
obtain from the Brookshire bank, formal designa-
tion of Warren Loan Company setting forth in de-
tail the procedures which shall be followed and
how and in what manner Warren Loan Company shall
discharge said responsibility?  Also, should not
there be filed with the Commissioners' Court a
statement by the Farmers State Bank that said
designation is being made in conformity to Arti-
cles 2552 and 2553 R.C.S.?--this so that there
should be no misunderstanding.  Do you also not
deem proper that this statement and designation
should be over the Corporate Seal of the bank,
signed before a notary with the affidavit that
such person signing was so authorized to act for
said bank?"

        Article 2552, Vernon's Civil Statutes, reads as follows:

        "It shall be the duty of the depository or
depositories to pay, upon presentment at the
county seat of the county, or in the case of
'time deposits' to pay upon presentment after the
expiration of the period of notice agreed upon,
all checks or warrants drawn by the county treas-
urer upon the funds of said county deposited with
said depository or depositories, as long as such
funds shall be in the possession of such deposi-
tory subject to such checks or warrants.  For
every failure to pay such check or warrant at such
county seat either upon presentment in case of
'demand deposits' or upon presentment after the
expiration of the period of notice required in the
case of 'time deposits' said depository or deposi-
tories shall forfeit and pay to the holder of such
check ten per cent (10%) of the amount thereof;
and the Commissioners Court shall revoke the order
creating such depository or depositories."

        Article 2553, Vernon's Civil Statutes, reads as follows:

        "If any depository selected by the Commis-
sioners Court be not located at the seat of such

county, said Commissioners Court may in its discretion require said depository to file with the county treasurer of such county a statement designating the place at said county seat where and the person by whom, all deposits may be received from the treasurer for such depository, and where and by whom all checks will be paid, said person to be approved by the Commissioners Court; and such depository shall cause every check to be paid upon presentation or upon presentation at the expiration of the period of notice in the case of 'time deposits' at the place so designated so long as the said depository has sufficient funds to the credit of said county applicable to its payment."

In construing a statute we must look to the statute as a whole to determine the legislative intent. The caption may be considered in arriving at the legislative intent of the statute. Texarkana & Ft. S. R. Co. v. Houston Gas & Fuel Co., 121 Tex. 594, 51 S.W.2d 284 (Tex.Comm.App. 1932); Commonwealth Ins. Co. v. Finegold, 183 S.W. 833 (Tex.Civ.App. 1916); 39 Tex.Jur. 227, Statutes, Sec. 121. The caption of House Bill 85, Acts 1949, 51st Leg., p. 187, ch. 103, now compiled as Article 2553, Vernon's Civil Statutes, reads in part as follows:

". . . providing that the Commissioners Court may in its discretion require a receiving and paying agent at the county seat, and providing that said agent shall be approved by the Commissioners Court; . . ." (Emphasis added).

It is clear from the caption that the Legislature intended to make it discretionary with the Commissioners Court whether to require the depository to designate a receiving and paying agent at the county seat and to require the depository to file a statement appointing such agent with the Commissioners Court. The agent must be approved by the Commissioners Court.

Article 2553 conflicts to some extent with Article 2552, but it is a well settled rule of statutory construction that when two statutes are "in pari materia," the older statute will be held to be repealed by implication to the extent of its conflict with the newer enactment. Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (Tex.Comm.App. 1929); Tunstall v. Wormley, 54 Tex. 476 (1881); First Nat. Bank v. Lee County Cotton Oil Co., 274 S.W. 127 (Tex.Comm.App. 1925), affirming 250 S.W. 313; 39 Tex.Jur. 145, Statutes, Sec. 77. Since Article 2553 is the newer statute, it must take precedence over Article 2552.

In answer to your first question, it is not mandatory upon the Farmers State Bank to designate a paying and receiving agent at the county seat. Under Article 2553, the Commissioners Court may require the depository to designate such an agent, but the exercise of this power is discretionary with the Commissioners Court.

If an agent at the county seat is designated by the depository, then under the terms of Article 2553, that agent would be responsible for deposits of county funds made with him. The answer to your second question is in the affirmative.

Your third question does not require an answer since the answer to the second question is in the affirmative.

As to your fourth question, Article 2553 gives the power to the Commissioners Court to require a depository to appoint an agent in the county seat and also gives the Commissioners Court the power to require a statement from the depository designating the agent. The statute does not spell out the type or form of statement envisioned. It follows therefore that the form of the statement will be left to the sound discretion of the Commissioners Court.

## SUMMARY

It is not mandatory that a county depository designate a paying and receiving agent at the county seat unless the Commissioners Court in the exercise of its discretion requires such designation. The designated agent of a depository would assume responsibility for county funds deposited with the agent until they are received at the depository. The form of the statement of a depository designating an agent in the county seat is left within the discretion of the Commissioners Court.

Yours very truly,

WAGGONER CARR
Attorney General

By *Jack G. Norwood*
Jack G. Norwood
Assistant

JGN:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Paul Robertson
Albert Pruitt
James Strock

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone