

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 20, 1965

Mr. Edmund Tobola, President        Opinion No. C-570
State Board of Barber Examiners
Austin, Texas                       Re: Whether the State Board of
                                        Barber Examiners have the
                                        authority under Section 11,
                                        Article 734a of Vernon's
                                        Penal Code, in light of sub-
                                        sequent amendments to Article
                                        734a, to require all appli-
                                        cants for enrollment in
                                        barber schools to appear be-
                                        fore the Board to determine
                                        their "educational fitness"
                                        prior to enrollment in a
                                        barber school and the
                                        issuance of a student permit
Dear Mr. Tobola:                        and/or certificate.

        In your letter of November 3, 1965, to this office,
you request our opinion as to whether the 1961 amendment of Section
9 of Article 734a, Vernon's Penal Code, supersedes the provisions
of Section 11 of Article 734a authorizing the State Board of
Barber Examiners to conduct an examination of applicants prior
to their enrollment in barber schools to determine their edu-
cational fitness.

        In answering your question, we look to the provisions
of Section 11 and to the provisions of Section 9, as amended
in 1961, of Article 734a. We note that Section 11 of Article
734a has not been amended since its enactment by the Legislature
in 1929. Section 11 of Article 734a provides and we quote as
follows:

        "Sec. 11. The Board shall conduct examination
    of applicants for certificates of registration to
    practice as registered barbers and of applicants

-2756-

for certificates of registration to practice as registered assistant barbers and of applicants to enter barber schools to determine their educational fitness, not less than four times each year, at such times and places as the Board may determine and designate. . . ." (Emphasis added)

Section 9 of Article 734a was amended in 1961 to read and we quote in part as follows:

"Sec. 9. (a) . . . and no certificate or permit shall be issued as provided for herein to an applicant to be a student in such a school or college unless said applicant demonstrates his or her ability to read intelligently and write clearly the English language determined by an examination conducted by the school or college." (Emphasis added)

Upon examination of the above quoted provisions, there obviously exists a conflict as to who shall conduct the educational fitness examination of applicants to be students. Section 11 of Article 734a authorizes the Board of Barber Examiners to conduct this examination and Section 9 (a) of Article 734a authorizes the barber school or college to conduct such examination.

To resolve this conflict, we are of the opinion that you must look to the intent of the Legislature when it amended Section 9 of Article 734a. By amending Section 9 of Article 734a in such a way as to be conflicting, inconsistent, and repugnant with Section 11 of Article 734a, evidences an intent, in our opinion, that the Legislature intended that Section 11 of Article 734a be repealed insofar as it is in conflict with Section 9 (a). First National Bank v. Lee County Cotton Oil Co., 250 S.W. 313, (Tex.Civ.App. 1923), affirmed First National Bank of Giddings v. Lee County Cotton Oil Co., 274 S.W. 127, (Comm.App. 1925).

Although the Legislature did not expressly repeal Section 11 of Article 734a when it amended Section 9 of such Article in 1961, we are of the opinion that Section 9 (a) does repeal Section 11 by implication, insofar as the provisions of

these sections are in conflict. The doctrine of implied repeal rests on the principle that the last expression of the law-makers will be given effect. 53 Tex.Jur.2d 149, Statutes, Sec. 101. To the extent that Section 11 of Article 734a is inconsistent, repugnant, and in conflict with Section 9 (a) of Article 734a, it is repealed by necessary implication. State ex rel. Martin v. City of Waxahachie, 248 S.W.2d 971 (Tex.Civ. App. 1952, no history).

Since we are of the opinion that the provisions of Section 11 of Article 734a are repealed by implication insofar as they conflict with Section 9 (a) of Article 734a, you are respectfully advised that the Board of Barber Examiners has no authority to require applicants for enrollment in barber schools or colleges to appear before the Board to determine their "educational fitness" prior to enrollment in such barber schools or colleges.

SUMMARY

Section 11 and Section 9 (a) of Article 734a, Vernon's Penal Code, are in conflict, and to the extent that Section 11 conflicts with Section 9 (a), it is repealed by necessary implication. Therefore, the Board of Barber Examiners is without authority to require applicants for enrollment in barber schools or colleges to appear before the Board to determine their "educational fitness" prior to enrollment in such barber schools or colleges.

Yours very truly,

WAGGONER CARR
Attorney General

BY: Dean Arrington
Dean Arrington
Assistant

DA:ra

Mr. Edmund Tobola, page 4 (C-570)

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
W. O. Shultz
J. C. Davis
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright